IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HENRY LEE CALHOUN, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:04-CV-116-2  CDL |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 4:01-CR-23-2 (CDL) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Indictment was returned in this court against Petitioner Calhoun on May 9, 2001, charging him in Count I with Possession With Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1); Counts II and III each charged Petitioner Calhoun with Possession a Firearm by a Convicted Felon.  Petitioner Calhoun entered a Plea of Guilty to the Indictment (R- 21), on January 15, 2002. Sentencing was deferred for a Pre-Sentence Report (PSI).

On June 14, 2002,Petitioner was sentenced as a career offender to a term of 180 months imprisonment on Count One and 120 months on Counts Two and Three, sentences to run concurrently (R-29).   Petitioner appealed, and the Eleventh Circuit Court of Appeals, on March 26, 2003, vacated the district court's order, remanding Petitioner's  case for resentencing without the application of the career offender provisions pursuant to U.S.S.G. § 4B1.1.  (R-33).

At a resentencing hearing on July 28, 2003, Count Three of the Indictment was dismissed, and the district court sentenced Petitioner to a term of 105 months on Counts One

and Two, to be served concurrently (R-37). Petitioner Calhoun appealed this sentence which was affirmed by the Eleventh Circuit Court of Appeals on February 9, 2004 (R-42). Petitioner then, on August 25, 2004, filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-44), on the first ground, that the 105 month sentence as to Count I of the Indictment exceeded the statutory maximum for that marijuana offense. Petitioner asserted as his Ground Five: "Unconstitutional State priors were used to enhance my sentence. Issue is preserved for further litigation." As this ground stated no present claim, no ruling was made thereon.

On February 14, 2005, the district court granted Petitioner's § 2255 Motion To Vacate his sentence as to his Ground One and denied all other claims. Having granted Ground One of Petitioner's § 2255 Motion, the court issued an Order Amending his Sentence as to Count I on February 15, 2005, reducing the 105 month sentence to the statutory maximum 60 months, still concurrent with the 105 month sentence on Count II. (R-56, 57, 58). Petitioner Calhoun filed a Notice of Appeal regarding this sentence. (R-60). While his appeal was pending, Petitioner file in the district court, on April 8, 2005, what he termed an EMERGENCY MOTION FOR ADJUDICATION OF GROUND FIVE OF SECTION 2255 OR IN THE ALTERNATIVE RESENTENCING. (R-64). Petitioner raised no issue as to this claim on his direct appeal and the Circuit Court dismissed Petitioner's appeal upon Denial of Certificate of Appealability on June 21, 2005. (R-66). "It is well settled law that the appeal of a judgment in a criminal case deprives the district court of jurisdiction to amend the judgment (except for clerical errors pursuant to Rule 36). *See, e.g., United States v. Vicaria,* 963 F.2d 1412, 1415 (11th Cir. 1992)." *United*

*States v. Pease,* (11th Cir., 2003).

However, on July 8, 2005, Petitioner Calhoun filed a pleading titled MOTION SUBMITTING SUPPLEMENTAL AUTHORITIES AND EXHIBITS IN SUPPORT OF GROUND FIVE. (R-67). In this pleading, Petitioner shows that he filed on May 20, 2003, a State Habeas Corpus action in Fulton County Superior Court (the court in the county of his federal incarceration), challenging the constitutionality of every one of the State convictions enumerated in the PSI for which he received Criminal History Points, to wit.:

Case No. 93-CR-2105, Muscogee Superior Court PSI ¶ 41;
Case No. 94-TR-2395, Troop Superior Court,     PSI ¶ 42;
Case No. 95-CR-173, Muscogee Superior Court, PSI ¶ 44;
Case No. 98-CR-762, Muscogee Superior Court, PSI ¶ 46; and
Case No. 00-CR-597, Muscogee Superior Court, PSI ¶ 47.

Petitioner also attaches to his second Motion (R-67) as Exhibit A1, an Order of the Superior Court of Fulton County, Georgia, granting Petitioner's "request for leave to file a Writ of Habeas Corpus as a Pauper", dated and stamped as filed on May 20, 2003. As Exhibit A2, Petitioner attaches a copy of his "Initial Memorandum Of Law In Support of Petition For Writ of Habeas Corpus", likewise stamped as filed on May 20, 2003. Petitioner Calhoun attached as **Exhibit B1** the Final Order of the Superior Court of Fulton County, wherein it found no merit in Petitioner's challenges to prior State convictions challenged, except **Case No. 98-CR-762** which was found to have merit and was **vacated** by that court, on **March 9, 2005.** Petitioner also attached a copy of the Judgment of this court, filed in Petitioner's present federal case, No. 4:01-CR-0023, on August 4, 2003.  ( R-37, same).

3

Petitioner's Motion of April 8, 2005 (R-64), filed during his appeal on other issues, together with his Motion in support thereof, with attachments as noted, filed on July 8, 2005, must be characterized as a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, ¶ 6(4).  The Supreme Court decided in *Johnson v. United States,* 125 S.Ct. 1571, (April 4, 2005), that:

> In a case in which a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255, ¶ 6(4)'s one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced.

*Id., at* 1577-82.  Justice Souter, writing for the Court, stated:

> We . . . apply the fourth paragraph in the situation before us by holding that from . . . the date the District Court entered judgment in his federal case, Johnson *was obliged to act diligently* to obtain the state-court order vacating his predicate conviction.

*Id*., at 1573, 1582.

The Supreme Court's 2005 *Johnson* ruling requires that upon receiving a federal sentence, enhanced by prior state convictions, the petitioner must exercise due diligence to obtain vacatur of the State sentence or sentences used in order to collaterally attack his sentence. *Id.,* at 1573, 1582.  Petitioner Calhoun filed his State habeas action in Fulton Superior Court on May 20, 2003, while the federal court was preparing to resentence him. In his State habeas action, he challenged the constitutionality of the prior State convictions

that were used to enhance his federal Criminal History calculation and thereby his ultimate sentence filed of record on August 4, 2003 (R-37). His AEDPA one-year period of limitations was re-set on the March 9, 2005, the date on which his prior conviction in State Case No. 98-CR-762, PSI ¶ 46, was vacated. The import of *Johnson v. United States,* cited above, is that it added the element of due diligence in timely pursuing a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 under a claim of an unconstitutional state conviction used as a federal sentence enhancement. However, timeliness is not at issue here. Due diligence as required by § 2255, ¶ 6(4) and *Johnson, Id.,* has been adequately demonstrated.

Citing *Curtis v. United States,* 511 U.S. 485, 114 S.Ct. 1732 (1994), and other Circuit decisions, the Eleventh Circuit Court of Appeals ruled in *United States v. Walker,* 198 F.3d 811,813(1999) that:

> [A] district court may reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence. (citations omitted).

On July 28, 2003, at the re-sentencing hearing, the district court disallowed the 1 point in Criminal History attributed at PSI ¶ 42, to reduce Petitioner's Criminal history total from 12 to 11 points. (R-41 at 17,18).  Under the present circumstances, the 2 point assessment for Petitioner's Criminal History attributed at ¶ 46 of the PSI for the now vacated State conviction in Case No. 98-CR-762, should also be removed, which would result in a total of 9 Criminal History points, which results in a Criminal History Category reduction from V

to IV, pursuant to Sentencing Tables (Chapter Five, Part A). Petitioner's Total Offense Level of **23,** as shown at PSI ¶ 33, does not change. Therefore, the cross-referenced guideline range of sentencing would now be 70 to 87 months.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be GRANTED as to Count II of the Indictment, the controlling offense, and that he be re-sentenced in accordance with the foregoing findings and citation of authority. Pursuant to 28 U.S.C. § 636 (b)(1), the Parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of August 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE